## OHIO SUPREME COURT —Continued

### No. 43

No. 17951—Herschell Norman v. The State of Ohio. Error to the Court of Appeals of Gallia county.

1245. VERDICT—Verdict finding accused guilty of abandoning child, held responsive to issues and judgment and sentence thereon not erroneous—Power of Court to suspend sentence is under both 13010 and 13006 GC.—Conviction on legal holiday not invalid—Misnomer of juryman does not render verdict invalid, if there is no question as to his identity—Verdicts not to be avoided unless for doubt of their import, or they irrespond to the issues or show a manifest tendency to work injustice —Sufficient in form when court can intelligently pass judgment thereon.

DAY, J.

1. Verdicts are to have a reasonable intendment and to have a reasonable construction and are not to be avoided unless from necessity originating in doubt of their import or irresponsiveness to the issues submitted, or unless they show a manifest tendency to work injustice. A verdict is sufficient in form if it decides the question in issue in such a way as to enable the court intelligently to base a judgment thereon.

2. In a trial upon an indictment charging a violation of Section 13008, General Code, providing against neglect of a minor child, a verdict in the following form, "We, the jury in this case, duly impaneled and sworn, and affirmed, find the defendant Herschell Norman, guilty of abandoning legitimate child in the manner and form as he stands charged in the indictment. C. T. Robinson, Foreman," is responsive to the issue tendered, and a judgment of conviction rendered and sentence thereon, are not erroneous.

3. In a prosecution under Section 13008, General Code, the power of the court to suspend sentence, provided in Section 13010, General Code, is not exclusive by virtue of that statute, but the court may also suspend sentence under Section 13706, General Code, providing for probation in criminal cases generally.

4. The 12th day of October, by virtue of Section 8301, General Code, is made a legal holiday for the purposes of the "Negotiable Instruments Act," but a trial and verdict of conviction in a criminal case are not rendered invalid because tried on that day.

5. Where, in a criminal case, a juror called to the panel as "Chas. Robinson" is accepted and sworn as a member of the jury, and trial proceeds, and upon retiring is chosen foreman, and a verdict is returned signed "C. T. Robin-

son, Foreman," such verdict is not invalid by reason of such difference in the name, it not appearing that there was any question as to the identity of the juror.

6. Where defendant is convicted of neglect of a minor child under sixteen years of age, for the period between August 10, 1917, and September 11, 1917, under the provisions of Section 13008, General Code, and sentence suspended under Section 13706, General Code, providing for suspension of sentences generally, conditioned that he make weekly payments for such child's support, and, afterward, default in such payment is made, and subsequently such person is again indicted under Section 13008, General Code, for neglect and refusal to support the same child for the period between October 1, 1919, and September 1, 1920, the fact of such prior indictment, trial, conviction and sentence, and suspension thereof, is no bar to a proceeding under the second indictment, even though the amount for which defendant was in default under the first indictment be tendered for the support of such child. Judgment affirmed.

Marshall, C. J., Wanamaker, Jones, Matthias and Allen, JJ., concur.